IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA MACK, | CIVIL ACTION |
| Plaintiff, | No. 1:25-cv-2259 |
| v. | |
| PENNSYLVANIA STATE POLICE, *et al.*, | (Hon. Yvette Kane) |
| Defendants. | |

# DEFENDANTS' ANSWER TO COMPLAINT

Defendants Pennsylvania State Police, John Nicholson, and George Bivens (collectively the "Defendants"), by counsel, answer the Complaint (ECF No. 1) as follows.

## Introduction

1. Admitted in part, denied in part. It is admitted that Plaintiff has brought this suit against Defendants. It is denied that Plaintiff is entitled to any relief whatsoever. Any remaining factual allegation is denied.

## Jurisdiction & Venue

2. Denied. This paragraph contains conclusions of law which require no response. Any factual allegations are denied.

3. Denied. This paragraph contains conclusions of law which require no response. Any factual allegations are denied.

4. Denied. This paragraph contains conclusions of law which require no response. Any factual allegations are denied.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the matters alleged, and it is therefore denied.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the matters alleged, and it is therefore denied.

## Parties

7. Admitted.

8. Denied. This paragraph contains conclusions of law which require no response. Any factual allegations are denied.

9. Admitted in part, denied in part. It is admitted that Nicholson was assigned to the Governor's Detail during the relevant time. The remainder of this paragraph is denied.

10. Admitted in part, denied in part. It is admitted that Bivens was assigned to the Governor's Detail during the relevant time. The remainder of this paragraph is denied.

## Factual Background

11. Defendants incorporate their responses to the previous paragraphs as if set forth herein.

12. Admitted.

13. Admitted in part, denied in part. It is admitted that members of the Governor's Detail received specialized training, the ability to use state-owned vehicles subject to applicable rules and regulations, and overtime opportunities. It is specifically denied that other PSP troopers do not receive specialized training, access to state-owned vehicles, or overtime opportunities. The remained of this paragraph is denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Admitted.

20. Denied. Plaintiff's performance reviews are documents which speak for themselves, and any characterization is denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## Count I

26. Defendants incorporate their responses to the previous paragraphs as if set forth herein.

27. Denied. This paragraph contains conclusions of law which require no response. Any factual allegations are denied.

28. Denied.

## Count II

29. Defendants incorporate their responses to the previous paragraphs as if set forth herein.

30. Denied.

31. Denied.

32. Admitted in part, denied in part. It is admitted that Nicholson and Bivens were identified as respondents. It is denied that they are liable to Plaintiff. Any remaining factual allegation is denied.

## Count III

33. Defendants incorporate their responses to the previous paragraphs as if set forth herein.

34. Denied. This paragraph contains conclusions of law which require no response. Any factual allegations are denied.

35. Denied. This paragraph contains conclusions of law which require no response. Any factual allegations are denied.

36. Denied.

37. Denied.

### Damages & Requested Relief

38. Denied, including all subparts.

39. Denied, including all subparts. It is denied that Plaintiff is entitled to any relief whatsoever.

### Jury Demand

40. Denied. This paragraph contains conclusions of law which require no response. Any factual allegations are denied

WHEREFORE, it is denied that Plaintiff is entitled to any relief whatsoever.

### Affirmative Defenses

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff failed to exhaust his administrative remedies with respect to some or all claims.

3.       Plaintiff's claims are barred because any actions taken by Defendants in connection with his employment were taken for legitimate, nondiscriminatory, and nonretaliatory reasons.

4.       Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity.

5.       Some or all of Plaintiff's claims are barred by the doctrine of Eleventh Amendment immunity.

6.       Some or all of Plaintiff's claims are barred by the doctrine of qualified immunity.

7.       Plaintiff failed to mitigate some or all of his damages.

8.       Plaintiff is not entitled to front pay or any future lost wages or benefits.

9.       Plaintiff is not entitled to reinstatement or reassignment.

WHEREFORE, it is denied that Plaintiff is entitled to any relief whatsoever.

Date: January 23, 2026                     Respectfully submitted,

                                                      JENNIFER C. SELBER
                                                     GENERAL COUNSEL

                                                     By:  /s/ Stephen R. Kovatis
                                                     STEPHEN R. KOVATIS (ID No. 209495)
                                                     Deputy General Counsel

                                                     GOVERNOR'S OFFICE OF GENERAL COUNSEL
                                                     30 North Third Street, Suite 200
                                                     Harrisburg, PA  17101
                                                     Phone: 717-602-0943
                                                     Email: skovatis@pa.gov

                                                     *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I, Stephen R. Kovatis, hereby certify that I have caused all parties to be served on this day with the foregoing Answer via the Court's ECF system.

Date: January 23, 2026                     By:  /s/ Stephen R. Kovatis
                                                                STEPHEN R. KOVATIS